FILED
SUPERIOR COURT
OF GUAM

2021 SEP 10 PM 2: 09

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KORASAN LLC dba MODA GINO'S,<br><br>                        Plaintiff,<br><br>        vs.<br><br>PAUL'S GUAM, INC., PICHET "PAUL" SACHDEJ, and AMARJIT "JIM" SACHDEV,<br><br>                        Defendants. | Superior Court Case No. <u>CV0755-17</u><br><br><br>**DECISION AND ORDER<br>RE CONTEMPT** |

This matter came before the Court on Plaintiff Korasan LLC dba Moda Gino's Motion for Order to Show Cause re Contempt. Korasan seeks to hold Defendants Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev in contempt of court for failing to comply with court orders. Having considered the parties' arguments and relevant law, the Court finds Defendants in contempt and imposes a fine of $500.00. The Court also reiterates its discovery sanctions from its January 24, 2020 Decision and Order and defers a calculation of attorney's fees and costs until after the trial.

## I.    PROCEDURAL HISTORY

On January 24, 2020, the Court issued its Decision and Order Re Plaintiff's Motion for Discovery Sanctions. In addition to sanctioning Defendants for discovery violations, the Court also found them in contempt of court under 7 GCA § 34102(b). In finding Defendants in contempt of court, the Court explained:

> Defendants' actions show willful contempt because they admit to knowing
> about the relevant orders but accept the consequences of nondisclosure--i.e.,

ORIGINAL

exclusion of the evidence at trial. Opp'n at 17. They therefore knew they had a duty to disclose the information but instead chose not to, in violation of their discovery obligations and the Court's orders. Moreover, they continue to violate the Court's orders by refusing to respond to Korasan's Requests.

Dec. and Order at 7 (Jan. 24, 2020). Defendants appealed the January 24, 2020 Decision and Order to the Guam Supreme Court, alleging that the Court exceeded its jurisdiction in finding it in contempt. *See Paul's Guam Inc. v. Superior Ct. of Guam*, 2020 Guam 30 ¶ 1.

The issue on appeal relevant to the present matter was whether the Court satisfied the statutory notice and procedural requirements in finding Defendants in contempt of court.[1] *Id.* at ¶ 6. The Guam Supreme Court noted that this Court's Decision and Order finding Defendants in contempt cited to 7 GCA § 34102(b), *i.e.*, indirect contempt.[2] *Id.* ¶ 24. Under Guam's general contempt statute, indirect contempt must be prosecuted on notice. *See* 7 GCA § 34102 *et seq.* The Guam Supreme Court explained:

> To find a party in indirect contempt of court under 7 GCA § 34102(b), trial courts must follow specific notice and procedural requirements, which include, among other things, reasonable time for notice of the contempt hearing. See 7 GCA § 34102(b)-(d). 'The notice shall state the time and place of hearing; allowing reasonable time for the preparation of the defense, and shall state the essential facts constituting the contempt charged and describe it as such.' Id. § 34102(b). Additionally, '[t]he notice shall be given orally in open court by the judge in the presence of the person charged with contempt ... or on application of [an] attorney representing an aggrieved party.' *Id.* § 34102(e).

*Id.* at ¶ 19.

---

[1] In its appellate petition to the Defendants sought a writ: (1) staying all further proceedings in the Superior Court; (2) annulling the Contempt Order in its entirety; (3) commanding the Superior Court to enforce the stipulations between the parties as to discovery; (4) restraining the Superior Court from conducting any discovery proceedings or imposing any contempt or discovery penalties or sanctions on Defendants; and (5) commanding the Superior Court to enter all necessary or appropriate orders or decrees. *Paul's Guam Inc.*, 2020 Guam 30, ¶ 5. The Guam Supreme Court denied the portions of Defendants' petition requesting to stay all further proceedings, to annul the portion of the Contempt Order requiring Defendants to produce certain documents, to command the Superior Court to enforce the stipulations as to discovery between the parties, and to restrain the Superior Court from conducting any discovery proceedings or imposing discovery penalties or sanctions. *Id.* ¶ 6.

[2] Indirect contempt encompasses a party's failure to comply with the court's orders outside the actual presence of the Court.

ORIGINAL

Finding that the Court failed to follow the strict notice and procedural safeguards required for finding a party in indirect contempt, the Guam Supreme Court held this Court erred in finding Defendants in contempt and doing so was outside its jurisdiction. *Id.* at ¶ 24. Accordingly, the Guam Supreme Court annulled the portion of the Contempt Order finding Defendants in contempt under 7 GCA § 34102(b) and imposing fines. *Id.* Nonetheless, the Guam Supreme Court noted that "the Superior Court may re-impose similar sanctions under GRCP 37 or hold formal contempt proceedings in compliance with 7 GCA § 34102 *et seq.*" *Id.*

Following the Guam Supreme Court's decision, Korasan submitted a Request for Order to Show Re Contempt on February 19, 2021. The Request cited the same discovery violations that were at issue in the Court's January 24, 2020 Decision and Order. On June 4, 2021 the Court issued an Order to Show Cause which set a hearing for eleven calendar days (seven business days) later. Defendants were served with the OSC on June 7, 2021, and filed an opposition on June 14, 2021. Of note, Defendants argued that Korasan failed to serve or file the Request in accordance with the Local Rules of Practice, Civil Rule 7.1. Def.s' Opp. at 2.

At the June 15, 2021 OSC hearing, Korasan and Defendants requested the Court to continue the hearing and issue a briefing schedule that would permit Defendants more time to file an opposition. In response, the Court permitted Korasan to incorporate the Request for Order to Show Cause to a motion under CVR 7.1 Form 1 and granted Defendants an additional twenty-eight days to file an amended opposition. Defendants subsequently filed an amended opposition on July 13, 2021, and Korasan filed a reply on July 27. The Court heard arguments on August 10, 2021.

## II.    **LAW AND DISCUSSION**

As an initial matter, the Court addresses whether the strict notice and procedural

ORIGINAL

safeguards required for finding a party in indirect contempt under 7 GCA § 34102(b) have been satisfied. Section 34102(b) requires that a notice of a contempt proceeding allow a reasonable time for the preparation of the defense. Moreover, section 34102(d) states that five calendar days' notice (excluding weekends and holidays) constitute sufficient reasonable notice.

Defendants had more than the statutory minimum amount of five calendar days to prepare for the hearing. Defendants were served with the June 4, 2021 Order to Show Cause on June 7, putting them on notice of the contempt hearing scheduled on June 15.[3] Defendants filed an opposition on June 14, but at the hearing both parties indicated that more time would allow Defendants to better prepare a defense. Based on these concerns, the Court permitted Defendants an additional twenty-eight days to file an opposition. The original hearing date of June 15, 2021, was therefore continued to August 10, 2021. Defendants took advantage of the additional time and filed an amended opposition on July 13. Also, at the August 10, 2021 hearing, Defendants did not raise any concerns concerning not having time to prepare for the hearing.

Based on the timing of the original and continued OSC hearings, and the additional time that the Court permitted Defendants to amend their opposition, and the failure of Defendants to raise any further notice-related issues, the Court finds that Defendants were permitted reasonable time for notice of the contempt hearing and for preparing a defense. Accordingly, the Court finds that it has satisfied the procedural requirements to find a party in indirect contempt of court under 7 GCA § 34102(b). *See* 7 GCA § 34102(b)-(d).

The Court next turns to whether Defendant should be held in contempt. The Court incorporates the analysis from its January 24, 2020 Decision and Order and finds Defendants in

---

[3] Although not addressed by the parties, Defendants first had notice back in February 2021 when Korasan submitted its Application for the OSC.

ORIGINAL

contempt of Court for willfully failing to comply with the Court's January 3, 2019 Decision and Order, May 24, 2019 Decision and Order, and the May 4, 2018 Stipulation between the parties setting further discovery deadlines. Accordingly, the Court reimposes its penalty and ORDERS Defendants pay a fine of $500, payable to the Court. *See* 7 GCA § 34101(b). Moreover, to compensate Korasan for the cost of bringing the present Request, the Court awards Defendant its attorney's fees and costs Korasan incurred in bringing this action.[4] *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 52; 9 GCA § 80.50(e).

Finally, the Court briefly addresses the portion of its January 24, 2020 Decision and Order sanctioning Defendants for discovery violations. As an initial matter, the Court notes that the Guam Supreme Court's decision in *Paul's Guam Inc.* did not affect the Court's GRCP 37 sanction for Defendants' discovery violation. Accordingly, the Court reiterates its partial award of attorney's fees and costs to Korasan. In addition, the Court finds that Defendants continued failure to disclose the requested information warrants further sanction under GRCP 37. *See Paul's Guam Inc.*, 2020 Guam 30, ¶ 24 (holding that "the Superior Court's contempt finding can be reconciled with its unquestionable and broad discretion to issue orders as to discovery and to impose discovery sanctions"). The Court continues to hold that at trial, Defendants may not use the documents that Korasan requested. The Court does, however, restate its earlier ORDER to Defendants to disclose their net worth.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Defendants Paul's Guam, Inc., *et. al.* willfully failed to comply with multiple court orders and therefore are in contempt of court. As a penalty for its contempt, the Court ORDERS Defendants to pay the Court a fine of $500.

---

[4] The calculation of attorney's fees will be addressed following the trial.

ORIGINAL

The Court also reiterates the portion of its January 24, 2020 Decision and Order, which granted Korasan's request for certain discovery sanctions. The Court ORDERS Defendants to disclose to Korasan their net worth within fourteen days of this Order. Lastly, the Court ORDERS that Defendants may not use any of the information that it failed to provide Korasan at trial.

In the interests of judicial efficiency, the Court defers a calculation of an award of attorney's fees pending the outcome of the upcoming October 7, 2021 jury trial.

SO ORDERED this 10th day of September 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_____
_____
Date: _____ Time: _____
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daniel J. Berman, Esq., Berman Law Firm, for Plaintiff Korasan LLC dba Moda Gino's
Carlos L. Taitano, Esq., Taitano & Taitano LLP, for Defendants Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev

ORIGINAL